*E-filed on* __11/6/06__

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ISIDRO ZARAGOSA ZARATE,<br><br>   Plaintiff,<br><br>  v.<br><br>JESUS RODRIGUEZ LANDSCAPING;<br>JESUS RODRIGUEZ; and DOES 1-100,<br><br>   Defendants. | No. C-06-05424 RMW<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND<br><br>**[Re Docket Nos. 5, 6, 8]** |

  Plaintiff Isidro Zarate moves to remand this action to the Santa Clara County Superior Court. For the reasons set forth below, the court grants the motion.

## I. BACKGROUND

  Zarate initiated this suit against defendants Jesus Rodriguez and Jesus Rodriguez Landscaping[1] ("Rodriguez") on June 22, 2006. Zarate served Rodriguez with a copy of the complaint and a summons a month later, on July 22, 2006. Rodriguez filed a notice of removal on September 1, 2006. Zarate now moves to remand the action back to the Superior Court on the ground that Rodriguez removed the case beyond the thirty-day limit of 28 U.S.C. § 1446(b).

---

[1] Jesus Rodriguez argues that there is no entity named Jesus Rodriguez Landscaping. Opp'n at 2. Resolution of the motion to remand does not turn on the existence or nonexistence of Jesus Rodriguez Landscaping, and the court will not analyze the issue.

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND—No. C-06-05424 RMW
JAH

## II.  ANALYSIS

The procedure for removing a civil case to federal court is set forth in 28 U.S.C. § 1446, which provides in relevant part:

> **(a)**  A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> **(b)**  The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> . . . .
>
> **(d)**  Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

The procedure for remanding a case to state court is set forth in 28 U.S.C. § 1447(c), which provides:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.  A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court.  The State court may thereupon proceed with such case.

The Ninth Circuit has commanded that courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*).  There is a "strong presumption against removal jurisdiction" and "the defendant always has the burden of establishing that removal is proper." *Id*. (internal quotation marks omitted).  When the removability of an action is evident on the face of the complaint, the thirty-day time limit for removal begins to run when the defendant is served with the complaint. *See Durham v. Lockheed Martin Corp*., 445 F.3d 1247, 1250 (9th Cir. 2006).  This "time limit is mandatory and a timely

1 objection to a late petition[2] will defeat removal," although "a party may waive the defect or be
2 estopped from objecting to the untimeliness by sitting on his rights." *Fristoe v. Reynolds Metals*
3 *Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980). The thirty-day limit is a formality that may be waived,
4 rather than a jurisdictional barrier. *Id*.

5    Rodriguez opposes the motion to remand. He argues that two untimely actions by Zarate
6 justify denying the motion to remand: Zarate filed proof of service upon Rodriguez with the
7 Superior Court almost a month after effecting service, and Zarate did not ever serve Rodriguez
8 with a copy of the motion to remand.[3]

9    The court must reject Rodriguez's first argument. The time of filing proof of service with
10 the Superior Court, indicating that Zarate served Rodriguez with a summons and copy of the
11 complaint, should not in any way affect Rodriguez's ability to remove the case. Rodriguez had
12 sufficient notice of the lawsuit against him when he was served. Rodriguez's argument also runs
13 counter to the plain language of § 1446(b), which mentions receipt of pleadings, not filing of
14 proofs of service.

15    The court also rejects Rodriguez's second argument. While Rodriguez claims Zarate did
16 not serve him with a copy of the motion to remand, Rodriguez nonetheless became aware of the
17 motion somehow in time to file a cogent opposition. Given the lack of substantial prejudice to
18 Rodriguez, there is no basis for denying Zarate's motion to remand.

19    Zatate has made "a timely objection to a late" notice of removal, and the court must grant
20 his motion to remand. *See Fristoe*, 615 F.2d at 1212. The court will, however, not award Zarate
21 any fees or costs because Zarate (1) apparently did not serve Rodriguez with the motion to

---

24 [2] In 1988, Congress changed the name of the document for removal from "petition of removal" to "notice of removal." Judicial Improvements and Access to Justice Act, Pub. L. 100-702, §
25 1016(b)(2)(A), 102 Stat 4642, 4669 (1988). The change in terminology is not relevant to the motion under consideration.
26

27 [3] Zarate also filed the reply for his motion on October 24, 2006, acknowledging that it was late but providing no explanation for the tardiness. Reply at 1. The court notes the irony of Zarate asking the court to excuse his late filing while at the same time asking the court to remand the case because
28 of Rodriguez's late removal. The court will not further consider Zarate's reply, though exclusion of the reply will not lead to denial of Zarate's motion in this instance.

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND—No. C-06-05424 RMW
JAH                                                      3

1  remand, and (2) filed his reply late.  An award of fees or costs under 28 U.S.C. § 1447(c) would
2  not be "just" in this instance.

### III.  ORDER

For the forgoing reasons, the court

1. grants Zarate's motion to remand; and
2. determines that no payment of fees or expenses is warranted under 28 U.S.C. § 1447(c).

The clerk of this court shall mail a certified copy of this order to the clerk of the Santa Clara County Superior Court.

DATED:  11/6/06

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**A copy of this order was mailed on _____ to:**

**Counsel for Plaintiff:**

Adam Wang; James Dal Bon
Dal Bon & Wang
12 South First Street, Suite 613
San Jose, CA  95113

**Defendant (*pro se*):**

Jesus Rodriguez
2106 Shortridge Avenue
San Jose, CA  95116

Counsel are responsible for distributing copies of this order to co-counsel, as necessary.

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND—No. C-06-05424 RMW
JAH                                                         5